UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| DENNIS J. MOONEY, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | 1:01-cr-00003-GZS |
| | ) | 1:03-cv-00210-GZS |
| UNITED STATES, | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION**

Dennis J. Mooney has filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, asking that the court re-open his section 2255 motion to vacate or correct his sentence, which motion the court previously denied on June 23, 2004. Mooney alleges that the Supreme Court has announced a watershed rule that is retroactively applicable to this court's decision to enhance his sentence based on a career offender finding. (Motion to Re-Open, ECF No. 198.) Although styled as a motion to re-open, Mooney's motion is, in substance, a successive section 2255 motion and, for that reason, this court lacks jurisdiction to consider the motion until a panel of the First Circuit Court of Appeals certifies that the motion in fact raises a new rule of constitutional law, previously unavailable and made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255(h)(2). Consequently, I recommend that the court summarily dismiss the motion.

**BACKGROUND**

In December 2001, a jury found Dennis Mooney guilty of two counts of a four-count indictment. The counts of conviction charged conspiracy to interfere with interstate commerce by committing robbery, 18 U.S.C. § 1951, and use of a firearm during or in relation to a crime of

violence, 18 U.S.C. § 924(c).  In March 2002, the court entered judgment sentencing Mooney to a 210-month term of imprisonment on the conspiracy charge and a consecutive, 120-month term of imprisonment on the firearm charge.  On direct appeal, Mooney raised only trial-related challenges, all of which the Court of Appeals rejected.

In November 2003, Mooney filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  In that initial section 2255 motion, Mooney argued, among other things, that his sentence was unconstitutionally enhanced based on a breaking and entering conviction that did not amount to a crime of violence and, therefore, did not support the court's finding of career offender status.  The United States opposed the motion.  I issued a report and recommended decision recommending that the court deny the motion on the grounds that the claim of sentencing error, in itself, did not present a fundamental defect or omission inconsistent with the rudimentary demands of fair procedure and that the claim of ineffective assistance of counsel did not support habeas relief because there was no sentencing error under existing circuit precedent[1], meaning that Mooney's counsel was not ineffective for failing to challenge on appeal the career offender finding.  The court accepted the recommendation on June 24, 2004, in the absence of any objection, and dismissed Mooney's section 2255 motion.  Mooney's appeal was ultimately dismissed by the Court of Appeals as untimely, though this court had attempted to extend his deadline to file based on a showing of good cause and excusable neglect.

In January 2006, Mooney filed a motion for relief from judgment pursuant to Rule 60(b).  In the motion he indicated that a prison transfer had frustrated his efforts to object to my recommendation and to timely pursue an appeal.  The court denied the Rule 60(b) motion because it was filed too late.

---

[1]   United States v. Fiore, 983 F.2d 1 (1st Cir. 1992), cert. denied, 507 U.S. 1024 (1993), overruled by United States v. Giggey, 551 F.3d 27 (1st Cir. 2008).

Mooney filed another motion for Rule 60(b) relief in May 2007. In that motion he contended that the court's 2004 judgment dismissing his section 2255 motion should be vacated because the court lacked subject matter jurisdiction. Mooney argued that the United States had failed to prove an interstate nexus in support of the underlying criminal conviction, but suggested that his jurisdictional argument was somehow not designed to challenge his conviction, only to challenge the validity of the prior habeas proceeding. The court denied the motion with a text only docket entry. On appeal, the Court of Appeals explained that Mooney's request amounted to a constitutional challenge to his original conviction and that it therefore was a successive habeas petition that could not go forward in light of the fact that Mooney had not sought prior permission from the Court of Appeals.

In January 2008, Mooney filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court denied the motion, finding no basis to modify the term of Mooney's sentence under section 3582(c)(2).

In October 2008, Mooney filed a motion pursuant to Rule 15(c), seeking to get the court to resentence him or reopen the initial section 2255 motion through this new procedural device. This attempt also failed to clear the bar against successive habeas petitions.

On August 23, 2013, Mooney filed his current motion to re-open his initial section 2255 motion. (Crim. Docket, ECF No. 198.) Mooney asserts in the motion (1) that new Supreme Court precedent retroactive to cases on collateral review supports that he should not have been sentenced as a career offender and (2) that allowing the career offender sentence to stand amounts to manifest injustice. (Id. at 1.)

**DISCUSSION**

For reasons that follow, I recommend dismissal Mooney's latest motion. Mooney's motion is subject to a statutory bar that restricts the ability of federal prisoners to pursue multiple habeas motions challenging the same federal conviction or sentence. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which, among other things, introduced a bar against federal prisoners filing second or successive habeas motions absent certification by the appropriate court of appeals that a motion contains either (1) newly discovered evidence capable of establishing by a clear and convincing evidentiary standard that no reasonable factfinder would have found the prisoner guilty or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (referencing the certification requirement of 28 U.S.C. § 2244). Based on this statutory provision, a district court lacks jurisdiction to address the merits of a second or successive habeas motion attacking a federal conviction or sentence "unless and until the court of appeals has decreed that it may go forward." Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)). See also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Rules Governing Section 2255 Cases, Rule 9 (imposing the same requirement).

Mooney attempts to avoid the jurisdictional bar by advancing his motion not as a 2255 motion, but rather as a Rule 60 motion for relief from the order denying his initial section 2255 motion. Mooney relies on subsections (b)(5) and (b)(6) of Rule 60, which permit the court to

4

"relieve a party . . . from a final judgment" because it is based on another judgment that has been reversed or vacated or for, essentially, any reason not otherwise identified in the Rule.  Fed. R. Civ. P. 60(b)(5), (6).  This approach runs headlong into the section 2255(h) bar because Mooney's Rule 60 motion is, in substance, a renewed section 2255(a) motion asserting that his sentence was imposed in violation of the Constitution or was in excess of the maximum authorized by law.

"Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 [paragraph] 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."  Trenkler, 536 F.3d at 97 (emphasis in original) (quoting Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004)).  In fact, the First Circuit Court of Appeals has pointedly held that a Rule 60(b) motion challenging the constitutionality of an underlying conviction or sentence should be treated as a second or successive filing under the AEDPA.  Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam) (involving a section 2255 motion); Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) (involving a section 2254 petition).  Exceptions to this rule are recognized when the Rule 60(b) motion challenges a non-merits-based judgment, such as a prior ruling on the AEDPA statute of limitations or a prior default, Gonzalez v. Crosby, 545 U.S. 524, 533-34, 538 (2005), but such an exception is not present here.  Here, Mooney is reasserting a claim of sentencing error that was previously addressed on the merits and, consequently, he is subject to the AEDPA requirement that he obtain a certificate from the Court of Appeals before this court may entertain his "second or successive" section 2255 motion.  See id. at 531-32 & n.4 (stating that a Rule 60(b) motion presents a successive habeas petition if it challenges a claim previously denied on the merits and does so based on a change in the substantive law); see also Rodwell, 324 F.3d at 70 ("When the

5

[Rule 60(b)] motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition.").

As the Court of Appeals observed in Rodwell, the AEDPA regimen for restricting district court action on second or successive habeas motions and petitions is "harsh," but it is something that this court is not free to disregard. 324 F.3d at 72. Under the circumstances, the court must dismiss Mooney's Rule 60(b) motion for lack of subject matter jurisdiction. Id. at 73.

## CONCLUSION

I recommend that the Court deny the motion without prejudice to Mooney's right to file a new 28 U.S.C. § 2255 motion should he ever obtain the First Circuit Court of Appeal's certification to do so.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.
    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 3, 2013